UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRAS AYOUBI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 23-4094-CSB |
| | ) |
| JOHN DOE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review of Plaintiff Firas Ayoubi's Complaint. Because he is attempting to proceed *in forma pauperis*, the Court must first determine whether Ayoubi has made the requisite showing that he is under imminent danger of serious physical injury because, by his own admission, he has previously accumulated three-strikes under 28 U.S.C. § 1915(g).

Title 28 U. S. C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

1

unless the prisoner is under imminent danger of serious physical injury.

*Id.* Ayoubi has accumulated at least three strikes in cases that he has filed in the United States District Court for the Northern District of Illinois. Specifically, Ayoubi has been assessed a strike in case number 14-1703, case number 14-1701, and case number 18-5292, all filed in the Northern District.[1]

Notably, Ayoubi concedes in his Complaint that he has accumulated at least three strikes for purpose of the Prison Litigation Reform Act ("PLRA"). Therefore, Ayoubi acknowledges that he can only proceed *in forma pauperis* if his Complaint in this case sufficiently alleges that he is under imminent danger of serious physical injury.

The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time is pressing" and a "threat . . . is real and proximate." *Heimnerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The harm must be occurring "at the

---

[1] The Court has reviewed these cases and agrees that Ayoubi should be assessed a strike in each of these cases.

time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The second prong (*i.e.*, danger) must be of "serious physical injury." 28 U.S.C. § 1915(g); *Fletcher v. Deathridge*, 2008 WL 4724173, * 2 (C.D. Ill. Oct. 23, 2008).

Ayoubi is an inmate with the Illinois Department of Corrections ("IDOC") who is currently housed at the IDOC's Hill Correctional Center ("Hill"). Ayoubi has filed this suit alleging that the named Defendants have violated his rights under the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA").

Specifically, Ayoubi alleges that he has been diagnosed with a disability as that term is defined in both the ADA and the RA, *i.e.*, Functional Movement Disorder/Dystonia. According to Ayoubi, Functional Movement Disorder/Dystonia is an involuntary neurological and psychological disorder. The symptoms of this condition include, but are not limited to, severe and painful twisting and jerking of a person's physical extremities. Ayoubi claims that his condition has caused him to involuntarily strike other IDOC inmates and that these inmates have retaliated against him physically.

Accordingly, Ayoubi claims that he needs to be placed in a single cell (*i.e.*, with no cellmate) so that his condition does not cause him to strike another person and so that his cellmate does not retaliate against him physically or verbally. Ayoubi avers that Defendants have refused to place him in a single cell in violation of his rights under the ADA and the RA. In addition, Ayoubi asserts that Defendants have not provided proper medical treatment for his condition. Therefore, Plaintiff has filed this case seeking injunctive relief in the form of a transfer to the IDOC's Dixon Correctional Center.

Contrary to his argument, Ayoubi has not alleged any type of imminent, serious physical injury that would allow him to proceed *in forma pauperis* in this case. Essentially, Ayoubi alleges that he has suffered retaliation in the past and that he fears retaliation in the future. Ayoubi alleges that this fear and Defendants' refusal to provide him with a different housing arrangement violate his rights under the ADA and the RA.

However, prisons are dangerous places. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). The dangerous nature of a prison cannot, alone, form the basis of satisfying the imminent danger

4

requirement under the PLRA's three-strikes provision. *Lewis*, 279 F.3d at 531 (holding that the "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing," and "a threat ... is real and proximate.").

Ayoubi has been placed in his two-person cell since mid-April without incident, and therefore, it is difficult to conclude that Ayoubi is in "imminent danger" given this nearly two-month passage of time without incident.

Furthermore, even if the Court considers Ayoubi's condition, the Court cannot say that his neurological condition is sufficient to qualify as an imminent danger sufficient to allow him to proceed IFP in this case. Ayoubi contends that Defendants' refusal to place him in a single person cell violates his rights under the ADA and the RA. But Ayoubi's contention is simply too attenuated to support the imminent danger requirement.

*First* it is not entirely clear that Defendants alleged refusal to place Ayoubi in the type of cell of his choosing violates the ADA or the RA. *Second,* in order to satisfy the imminent danger requirement, the threat to Ayoubi must be the direct result of

5

Defendants' refusal to acknowledge his rights under the ADA or the RA and that Ayoubi is in imminent danger as a result of that refusal, as opposed to being in imminent danger because prison is a dangerous place filled with dangerous individuals. The Court cannot make that conclusion based upon Ayoubi's allegations.

And, even if the Court were to focus on Ayoubi's allegations of a lack of treatment for his condition, the Court cannot conclude that he should be allowed to proceed IFP in light of his three-strikes status. Ayoubi has not alleged that he is not receiving any treatment. On the contrary, Ayoubi does not like the type of treatment that he is receiving. "A prisoner has the right to medical care; however, he does not have the right to determine the type and scope of the medical care he personally desires." *Carter v. Ameji*, 2011 WL 3924159, * 8 (C.D. Ill. Sept. 7, 2011)(citing *Coppinger v. Townsend*, 398 F.3d 392, 394 (10th Cir. 1968)). "The Eighth Amendment does not require that prisoners receive unqualified access to healthcare. Rather, inmates are entitled only to adequate medical care." *Leyva v. Acevedo*, 2011 WL 1231349, * 10 (C.D. Ill. Mar. 28, 2011)(internal quotations omitted). Because he is receiving some medical care, the Court cannot conclude that

Ayoubi is in imminent danger of serious physical injury sufficient to allow him to proceed IFP in light of his three-strikes status.

Finally, the Court notes that, even if it were to allow Ayoubi to proceed IFP, his victory could be pyrrhic and short-lived. Ayoubi admits in his Complaint that he has not satisfied the exhaustion requirements under the PLRA for his claim, in that, he has not received a final determination on his relevant grievance(s) from the Administrative Review Board ("ARB"). Ayoubi argues that he does not need to await a final determination from the ARB because he is seeking only injunctive relief, not monetary damages, in this suit.

Ayoubi is mistaken as a matter of law. The exhaustion requirement includes claims that only seek equitable relief, including requests for an injunction. *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995). Based upon his own admission, Ayoubi has not satisfied his exhaustion requirements, and he cannot pursue a premature case based upon a procedurally flawed grievance. *Wilder v. Sutton*, 2008 WL 515506, * 9 (S.D. Ill. Feb. 22, 2008)(citing *Lewis v. Washington* 300 F.3d 829, 833-834 (7th Cir. 2002)). "The rules governing the filing and prosecution of a grievance, including the appeal, must be followed to achieve

exhaustion; substantial compliance is insufficient." *Id*. As a result, Ayoubi should consider whether he should pay the filing fee in this case or whether his funds would be better served by awaiting a decision from the ARB and, then, filing a new case after he has properly satisfied his exhaustion requirements.

**IT IS, THEREFORE, ORDERED:**

    **1.    Plaintiff's motion to proceed *in forma pauperis* [3] is DENIED.**

    **2.    Plaintiff must pay the filing fee of $402.00, in full, if he wants to proceed in this case.**

    **3.    Plaintiff has up to and including June 30, 2023, within which to pay the $402.00 filing fee.**

    **4.    If Plaintiff fails to pay the entire filing fee by June 30, 2023, the Court will dismiss this case.**

    **5.    Plaintiff's motion for counsel [5] and Plaintiff's motion for a preliminary injunction [6] are DENIED with leave to re-file if and when he pays the filing fee, in full.**

ENTERED this 8th day of June, 2023

                                                                             s/ Sue E. Myerscough  
                                                                               SUE E. MYERSCOUGH  
                                                    UNITED STATES DISTRICT JUDGE